(C.D. 2124)

Ross Products, Inc. v. United States

United States Customs Court, First Division

(Decided on rehearing [C.D. 1927] October 16, 1959)

*Siegel, Mandell & Davidson* (*Sidney Mandell, Joshua M. Davidson,* and *David Serko* of counsel) for the plaintiff.

*George Cochran Doub,* Assistant Attorney General (*Richard A. FitzGibbon* and *Mollie Strum,* trial attorneys), for the defendant.

*Lamb & Lerch* (*David A. Golden* of counsel) as *amici curiae.*

Before Oliver, Mollison, and Wilson, Judges

Oliver, Chief Judge: These two protests relate to certain rubber balls that are covered by two items included on the invoices involved herein. One of the items in question is described on the invoice with protest 280784–K as "Relief-mouled Sport Balls 4″—item G. 1024/5573/1–60" and consists of a rubber ball 4 inches in diameter, weighing 4 ounces, that rattles when shaken, and is made with groovings and simulated stitching on an otherwise smooth surface (plaintiff's exhibit 1). The other item is described on the invoice with protest 293380–K as "Soccer Sports Balls—item G. 1113/1121" and is a tan rubber ball, 5½ inches in diameter, weighing 8 ounces, that rattles when shaken, and is made with groovings on a rough surface (plaintiff's exhibit 2). Both of the balls were gas-filled or air-filled at the time of importation and are not deflatable.

The collector classified the merchandise as toys, wholly or in chief value of rubber, under paragraph 1513 of the Tariff Act of 1930, as modified by T.D. 51802, supplemented by T.D. 51898, carrying a dutiable rate of 50 per centum ad valorem.

Plaintiff claims that the articles are properly classifiable under paragraph 1502 of the Tariff Act of 1930 as rubber balls, "primarily designed for use in physical exercise (whether or not such exercise involves the element of sport)," not specially provided for, with a duty assessment of 30 per centum ad valorem.

The case was the subject of our decision in *Ross Products, Inc.* v. *United States*, 39 Cust. Ct. 197, C.D. 1927, in which a majority of the court sustained the collector's classification of the merchandise. The matter is before us at this time on rehearing granted pursuant to motion by plaintiff, alleging that certain additional evidence, not available when the case was originally presented, could be obtained to supply proof "bearing on the fact that the merchandise herein was 'primarily designed for use in physical exercise.'"

When the case was originally tried, 10 witnesses testified. Five appeared for plaintiff and five on behalf of defendant. In addition, there were introduced in evidence samples of these rubber balls (exhibits 1 and 2, *supra*), and several illustrative exhibits of various kinds of rubber balls. Our previous decision, C.D. 1927, *supra*, includes a detailed analysis of the evidence heretofore introduced by the respective parties. To repeat such an analysis at this time would unduly lengthen this opinion. We shall refer thereto only as is considered necessary to emphasize our conclusion herein.

At the trial on rehearing, plaintiff introduced the testimony of an employee of the German manufacturer of the balls in question, which testimony was taken by deposition under a commission issued out of this court. When plaintiff's counsel offered in evidence the deposition referred to, counsel for defendant requested that the witness' testimony be read into the record so that certain objections thereto might be made. Counsel for plaintiff objected to the procedure and cited the rule of this court (rule 21(f)), which provides that if there are objections to either interrogatories or cross-interrogatories, such objections shall be filed with the clerk of the court or the division of the court having jurisdiction of the subject matter, "or may be filed with the papers and passed upon at the trial." Decision was reserved on plaintiff's objection (R. 144), and the questions and answers taken by deposition (plaintiff's exhibits 5 and 5–A) were read into the record, with Government counsel's objections to certain answers being recorded. This procedure is consistent with the provisions of the rule of this court (rule 21(g)), which provides that when testimony is taken by deposition, "the testimony so taken may be read upon the trial of the case and shall be considered with the same force and effect as though

the witness were personally present, subject to any and all objections as to competency, materiality, and relevancy, which objections may be made at the time said deposition is offered." Plaintiff's objection is overruled and the testimony taken by deposition will be considered as it was offered at the trial on rehearing.

Plaintiff's witness stated that he has been employed by the foreign manufacturer of the merchandise in question for 43 years and that his present position is that of sales manager with duties as "departmental head of the section for export sales," including rubber balls, such as those involved herein. The witness testified that his employer manufactures two kinds of rubber balls, i.e., play balls and sport balls, that the two types differ in design, construction, and material, and that the two items under consideration are within the class of sport balls, which contain a higher percentage of raw rubber than that used in the manufacture of play balls. Referring, specifically, to the rubber balls in question, the witness testified that they "are specially designed and intended for use in various forms of physical exercise and athletic endeavour, and as such are being extensively used both in and outside of Western Germany." Since it appears herein that the witness' experience has been limited to employment with the German manufacturer of this merchandise, without any showing of familiarity with the trade and commerce of the United States, his testimony as to use "both in and outside of Western Germany" must have reference to use in a foreign country. Such use is no guide toward tariff classification of the merchandise under consideration. *H. Boker & Co. (Inc.)* v. *United States*, 19 C.C.P.A. (Customs) 27, T.D. 44870. The witness' conclusion that the balls in question are primarily designed and manufactured for use in physical exercise and activity must be viewed not only on the basis of the entire record before us, but also in the light of his rather limited qualifications. His familiarity with the designing of rubber balls produced by his employer is based on "continuous observation of the manufacturing process" and "through discussions with the production management." There is no showing that the witness designed the rubber balls in question, or that he had anything to do with the actual designing of them. Mere observation of manufacturing processes and talks with management are not sufficient, of themselves, to lend substantial support to plaintiff's position herein.

It is appropriate at this point to set forth the summary of the testimony of defendant's five witnesses who appeared at the original trial of this case. Their combined testimony is summarized in the majority opinion of our earlier decision, C.D. 1927, as follows:

All of defendant's five witnesses showed considerable experience with large domestic manufacturers of rubber balls, including articles similar to those under consideration. The president of the Barr Rubber Products Co., manu-

facturer of "about thirty million balls per year," explained that the term "reinforced," as it applies to the balls in question (exhibits 1 and 2, *supra*), means "double thickness," and he stated that "When you put any compound in rubber, it is reinforced from a technical point of view." The testimony of defendant's witnesses is to the effect that the balls in question are toy play balls, that they are exclusively used for the amusement of children between the ages of 6 to 12, and that they are not designed for competitive use or for use in tournaments. Rubber balls that are similar in all material respects to the two items in question, and which are manufactured by the various companies with whom the witnesses are associated, were received in evidence (defendant's exhibits A, B, D, E, F, G, J, K, and defendant's exhibits C–1 and C–4). They were characterized as children's play balls, designed to fit the toy trade. Concerning the use thereof, the testimony shows that they are exclusively used by children anywhere from 4 to 12 years of age, who kick, bounce, or roll the balls, or throw them against the side of a building, or play "pitch and catch."

The testimony of plaintiff's witness as hereinabove outlined, is not sufficient to disturb any of the findings set forth in the previous decision, C.D. 1927, *supra*. We repeat now, with the same force and effect as when they were originally stated, the following conclusions, as expressed in the said decision:

The preponderance in weight of the evidence before us—oral testimony as well as samples of the balls in question and defendant's illustrative exhibits—viewed in the light of the statutory definition, hereinabove analyzed [definition of the term "toy," as stated in paragraph 1513 of the Tariff Act of 1930], establishes that the balls in question are chiefly used for the amusement of children and that they are toys, as classified by the collector. That the predominant use of these balls also involves the element of physical exercise in no way deters classification of the merchandise as toys, under the decision in *United States* v. *F. W. Woolworth Co.*, 24 C.C.P.A. (Customs) 338, T.D. 48770, wherein the appellate court stated, "If chief use for the purpose of amusement be properly deducible from all the facts and circumstances of record, then it would be immaterial that the balls are suitable also for physical exercise."

For the reasons stated herein, as well as all those set forth in the majority opinion in C.D. 1927, *supra*, which are incorporated herein by reference, we adhere to our earlier views respecting the issues presented in this case, and hold the merchandise in question to be properly classifiable as toys, wholly or in chief value of rubber, under paragraph 1513, as modified, *supra*, and dutiable at the rate of 50 per centum ad valorem, as assessed by the collector.

The protests are overruled and judgment will be rendered accordingly.